**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| TERESA MAPLES, | CIVIL CASE NO. 04-1088 MJD/AJB |
|     PLAINTIFF, | |
| | REPORT AND RECOMMENDATION |
| V. | ON PETITION FOR ATTORNEY FEES |
| JO ANNE B. BARNHART, | |
| COMMISSIONER OF SOCIAL SECURITY, | |
|     DEFENDANT. | |

___

JENNIFER G. MROZIK for plaintiff TERESA MAPLES

LONNIE F. BRYAN for Defendant COMMISSIONER OF SOCIAL SECURITY

___

**I.     INTRODUCTION**

This matter comes before the court for a report and recommendation to the district court on plaintiff's petition for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff claims that she is a prevailing party and that government was not substantially justified in its position of denying benefits. The Commissioner argues that although she may have been incorrect in denying benefits, her position was substantially justified and therefore the petition for fees and costs should be denied. Based on the foregoing discussion, the court recommends that plaintiff's Motion for Attorney Fees be granted.

**II.    PROCEDURAL BACKGROUND**

Teresa Maples filed an application for disability insurance benefits under Title II of the Social

Security Act. She was denied initially and upon reconsideration. Administrative Law Judge (ALJ) John K. Kraybill issued an unfavorable decision which Maples appealed to the Appeals Council. The Appeals Council denied review. Maples filed a claim in the United Stated District Court. The district court remanded the matter for further proceedings before the ALJ. *Maples v. Barnhart*, 01-1683 JMR/FLN (D. Minn. July 26, 2002 ) (Docket No. 36). On remand, the ALJ again issued an unfavorable determination and the Appeals Council again denied review. Maples filed a claim in the United States District Court. This court issued a report and recommendation recommending that the district court grant summary judgement in favor of Maples. On December 29, 2004, the district court adopted the report and recommendation and remanded the matter to the Commissioner for further proceedings. On April 1, 2005, Maples filed her request for attorney fees pursuant to the EAJA asking for attorney fees of $4,785.00 based on a rate of $145.00 an hour, for a total of 33 hours. (Pl. Mem. at 6.)

**III.     ANALYSIS**

Maples' remand is what is referred to as a "sentence four" remand. This is a remand based on a district court issuing a judgment to affirm, modify or reverse the decision of the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 294 (1993). A party who receives a remand from the district court is said to be a prevailing party. *Id.* Under the EAJA, a request for attorney fees must take place within thirty days of the issuance of a final judgment. The United States Supreme Court has determined that, in a sentence four remand, "final judgment" occurs when the judgment ordering remand can no longer be appealed. *Id.* The judgment need not result in an outright awarding of benefits or an administrative hearing to be considered a final judgment in favor of the claimant. *Id.* Here, the district

court issued its judgment on December 29, 2005, remanding the case to the Commissioner for further proceedings. Maples filed her petition for fees on April 1, 2005, thus, falling within the sixty day time frame. Because Maples is a prevailing party who has timely filed a petition for fees the court must determine whether fees are justified in this matter.

Under 28 U.S.C. 2412, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by the party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner bears the burden of demonstrating that her position was substantially justified. *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). The "substantially justified" standard means that the Commissioner's position was "clearly reasonable, well founded in law and fact, solid though not necessarily correct." *Id.* (quoting *Friends of Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir.1995)).

Here, the treating physician has been treating Maples for over twenty years. His treatment notes, method of treatment, and opinion of limitations were all consistent and consistent with the medical record as a whole. The ALJ declined to grant significant or controlling weight to the treating physician's opinions. Failure to give the treating physician's opinion the proper weight resulted in an imprecise hypothetical being posed to the vocational expert. Thus, the ALJ's decision is not based on substantial e evidence.

To be awarded attorney fees and costs, however, the claimant must show more than a failure of the ALJ's decision to be based on substantial evidence. If the Commissioner's position was substantially justified, attorney fees and costs should be denied. In this case, however, it is clear that

the position was not substantially justified.  Magistrate Judge John M. Mason's report and recommendation, adopted by the district court, specifically instructed the Commissioner on remand to afford the proper weight to the treating physician's opinions.  *See Maples v. Barnhart*, 01-1683 JMR/FLN (D. Minn. July 26, 2002 ) (Docket No. 32).  Magistrate Judge Mason noted the length of treatment, the consistency of the physician's opinion and the failure of the ALJ to give the proper weight to that opinion.  *Id.*  Because the ALJ failed to grant proper weight to the treating physician's opinion, even after being clearly instructed to do so by the district court, his position was not clearly reasonable and was not well founded in the law or fact.  Thus, the Commissioner's position was not substantially justified and Maples should be awarded reasonable attorney fees.

The Commissioner does not challenge the amount of hours claimed by Maples' counsel or the total amount of the award.  Although the requested rate is above the statutory rate of $125.00 per hour, *see* 28 U.S.C. § 2412(d)(2)(A)(ii), the requested amount is based on a reasonable hourly rate as demonstrated by the Department of Labor's Consumer Price Index for attorney hourly rates in the St. Paul/Minneapolis, Minnesota area (attached as Exhibit E to Pl. Mem.).  Thus, the court finds that the hourly rate of $145.00 in a reasonable hourly rate.  *See Walker v. Barnhart*, 302 F.Supp.2d 1072, 1075 (S.D.Iowa 2003) ("Where the United States Department of Labor's Consumer Price Index is submitted as proof of an increase in the cost of living, and where such submission is not challenged by the Commissioner as being unreasonable, unjustified, or otherwise improper, a district court abuses its discretion in concluding that a cost of living increase is not warranted.").  The court also finds that the total amount of fees requested, $4,785.00, is reasonable.  *See Talbott v. Bowen*, 832 F.2d 111, 112 (8th Cir. 1987) (awarding fees of $4,781.25); *Gonzalez v. Barnhart*, Civ. No. 01-499 JRT/FLN,

2002 WL 1839242 *3 (D. Minn. Aug. 9, 2002) (awarding fees of $5,000); *Gustafson v. Barnhart*, Civ. No. 00-2452 ADM/JMM, 2002 WL 771753 *4 (D. Minn. April 25, 2002) (awarding fees of $4,350).

### IV.   RECOMMENDATION

Based on the foregoing discussion, the court **HEREBY RECOMMENDS** that Maples' Motion for Attorney Fees be awarded int eh amount of $4,785.00.

Dated: June 30, 2005

s/ Arthur J. Boylan
Arthur J. Boylan
United State Magistrate Judge

### NOTICE

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court on or before **July 14, 2005.**